MATTER OF F—

In DEPORTATION Proceedings

A-15710815

*Decided by Board June 6, 1961*

Voluntary departure—"immediate means."

Eligibility requirement in 8 CFR 244.1 that alien have the "immediate means" to depart voluntarily is satisfied if facts, in each case considered individually, indicate distinct probability that alien will be able to effectuate voluntary departure within a reasonable period of time.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Admitted as nonimmigrant under section 101(a)(15)—Remained longer.

## BEFORE THE BOARD

**DISCUSSION:** In a decision dated March 10, 1961, the special inquiry officer directed that the respondent herein be deported from the United States on the charge set forth in the order to show cause. He denied the discretionary relief of voluntary departure. From that decision the respondent, through his attorney, has appealed to this Board and has contested the finding by the special inquiry officer that the respondent is statutorily ineligible for the privilege of voluntary departure.

The respondent is a 28-year-old unmarried male who first entered the United States in 1951 as an apprentice seaman. He last entered the United States at New York City on or about July 24, 1959, at which time he was admitted as a nonimmigrant crewman authorized to remain in the United States for a period not to exceed 29 days. He has remained without authority since that time and deportability is conceded.

In considering the eligibility of the respondent for discretionary relief, the special inquiry officer concluded that under the pertinent regulations an alien must show that he has the immediate means of departing from the United States in order to be considered eligible. The special inquiry officer concluded that "immediate means" contemplates not only financial ability but also the present ability to

333

enter some other country. He found that the respondent did not possess that ability and that he was, therefore, statutorily ineligible for voluntary departure.

On appeal at oral argument respondent's counsel stated that respondent could not establish his ability to depart immediately for the reason that having left a Yugoslav vessel and being an ex-member of the Communist Party he felt that his return to Yugoslavia would cause persecution and prosecution and, therefore, he would not voluntarily return to that country. Counsel for the respondent also pointed out that respondent, by training, is a highly intelligent ship's officer and that he has made contact with a shipping line sailing out of Trinidad, British West Indies, which line has indicated that they would give him employment if he can obtain proper documentation. Counsel also indicated that she has applied for the respondent to go to Trinidad, and it has been her experience that obtaining visas for Yugoslav seamen generally takes two months' time.

Counsel for the respondent also stated that the discretionary relief of voluntary departure cannot be incorporated in the regulations to the extent of the interpretation given it by the special inquiry officer. She pointed out that under section 244.1 of Title 8, Code of Federal Regulations, the term "immediate means" is a comparatively new term, having been first inserted in the regulations on January 23, 1960.

Counsel for the Immigration Service claims that the respondent's argument would mean that deportable aliens have a right to remain in the United States in illegal status for an indefinite period of time; that such remaining on the part of the crewmen constituted criminal offenses.

This Board has carefully considered the record in this case, together with representations made by counsel and the Service representative on appeal. It is our conclusion that the *regulations regarding voluntary departure must be applied in the light of the facts of each individual case.* We find that the *facts here indicate distinct probability that the respondent will be able to effectuate voluntary departure within a reasonable period of time.* Here we consider as important the fact that respondent and his counsel are making substantial efforts to depart to some country other than Yugoslavia. We deem it only proper that a sufficient and reasonable time be allotted respondent to conclude his arrangements. Accordingly, the following order will be entered.

ORDER: It is ordered that the outstanding order of deportation be withdrawn and the alien be permitted to depart from the United States voluntarily without expense to the Government, to any country

of his choice, within such period of time, and under such conditions as the officer-in-charge of the District deems appropriate.

*It is further ordered* that if the alien does not depart from the United States in accordance with the foregoing the order of deportation be reinstated and executed.